IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| KENNY DAVIS, | : | |
| Plaintiff | : | |
| VS. | : | |
| Sheriff CHARLES BRYANT, *et al.*, | : | NO. 7:05-cv-124(HL) |
| Defendants | : | **ORDER TO SUPPLEMENT** |

Plaintiff **KENNY DAVIS**, an inmate at Walker State Prison in Rock Spring, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.

*I. FILING FEE*

Plaintiff has paid the required initial partial filing fee of $12.83 as ordered by this Court on December 6, 2005. The unpaid balance of plaintiff's filing fee is $237.17, which plaintiff is obligated to pay. To that end, it is **ORDERED** that plaintiff's custodian or his designee shall set aside twenty percent (20%) of all deposits made to plaintiff's trust fund account and forward those funds to the Clerk each time the amount set aside exceeds $10.00, until the balance of the filing fee has been paid. 28 U.S.C. § 1915(b)(2). The Clerk of Court is directed to send a copy of this order to the business manager and the warden of the institution where plaintiff is incarcerated. *II. BACKGROUND*

In his complaint, plaintiff alleges that during his unspecified period of incarceration at the Cook County Jail, he was assessed a daily charge towards his housing expenses. Following his

appearance in court, plaintiff received probation. Plaintiff complains, however, that Sheriff Charles Bryant refused to release plaintiff until plaintiff had paid for the expenses he had incurred. According to plaintiff, he was incarcerated for approximately one extra month because he was without funds and therefore unable to pay his housing expenses. Plaintiff was released once his mother was able to procure the $2000 to pay Sheriff Bryant. Plaintiff asks that he be awarded $250,000.00 for his illegal detention.

### III. ORDER TO SUPPLEMENT

Upon initial review of plaintiff's complaint, the Court finds that additional information is needed before a proper evaluation of plaintiff's claims can be made. Accordingly, plaintiff is instructed to supplement his complaint to identify the date he claims he should have been released from the Cook County Jail and the date he actually was released from the Cook County Jail.

Plaintiff is hereby given thirty (30) days from receipt of this order to submit a supplement to his complaint, limited to these claims only. No other claims will be considered. If plaintiff fails to respond to this order in a timely manner, this action shall be dismissed. There shall be no service of process until further order of the Court.

**SO ORDERED**, this 11th day of January, 2006.

/s/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE