IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| KENNY DAVIS, | : | |
| Plaintiff | : | |
| VS. | : | |
| Sheriff CHARLES BRYANT, *et al.*, | : | NO. 7:05-cv-124(HL) |
| Defendants | : | **O R D E R** |

Plaintiff **KENNY DAVIS** has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. In compliance with this Court's previous order, plaintiff supplemented his complaint on January 26, 2006 (Tab # 6).

## *I. STANDARD OF REVIEW*

### *A. 28 U.S.C. § 1915(e)(2)*

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be

granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting ***Hishon* v. *King & Spalding***, 467 U.S. 69, 73 (1984)).

### B.  General Requirements of 42 U.S.C. § 1983

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States.  ***See Wideman v. Shallowford Community Hosp., Inc.***, 826 F.2d 1030, 1032 (11th Cir. 1987).  Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law.  ***Id.***

## II.  BACKGROUND

Plaintiff alleges that on June 2, 1999, he should have been released on probation from the Cook County Jail.  According to plaintiff, Sheriff Charles Bryant extended plaintiff's prison time to June 24 or 25, 1999, because plaintiff lacked the funds to pay for his prison housing costs.  Plaintiff was released only after his mother was able to procure $2000.

Plaintiff files this action seeking $250,000 as compensation for his allegedly illegal detention by Sheriff Charles Bryant for 24 or 25 days in 1999.

## III.  DISCUSSION

The length of the statute of limitations for filing a section 1983 claim is controlled by state law.  ***Wilson v. Garcia***, 471 U.S. 261 (1985).  In Georgia, the proper limitations period for a section 1983 claim is the two-year period prescribed for personal injury claims in O.C.G.A. § 9-3-33.

*Williams v. City of Atlanta*, 794 F.2d 624, 626 (11th Cir. 1986). Although state law determines the applicable statute of limitations period for claims under section 1983, federal law determines the date of accrual. **Rozar v. Mullis**, 85 F.3d 556, 561 (11th Cir. 1996). Under section 1983, a claim accrues when the plaintiff knows or has reason to know that he was injured, and he is or should be aware who injured him. *Id*. at 562; **Mullinax v. McElhenney**, 817 F.2d 711, 716 (11th Cir.1987). Plaintiff did not file the instant lawsuit until December 5, 2005, over six years after he knew of the injury he states occurred in 1999. Because plaintiff failed to file his complaint within two years after June 1999, his claim is barred on its face by the statute of limitations.

## IV. CONCLUSION

In light of the above, plaintiff's section 1983 claims are legally frivolous. The complaint is therefore **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2).

**SO ORDERED**, this 30th day of January, 2006.

                          **s/   Hugh Lawson**
                          HUGH LAWSON
                          UNITED STATES DISTRICT JUDGE

cr